UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KEVIN PITRE** | * | **CIVIL ACTION NO.:** |
| | * | |
| versus | * | |
| | * | **SECTION:** |
| **CUSTOM FAB OF LOUISIANA, LLC,** | * | |
| **OCEANEERING INTERNATIONAL,** | * | |
| **INC., BP EXPLORATION AND** | * | **MAG. DIV.:** |
| **PRODUCTION, INC., and** | * | |
| **TRANSOCEAN OFFSHORE USA, INC** | * | |
| **AND OFFSHORE USA, Inc.** | * | |
| *   *   *   *   *   * | * | |

**SEAMAN'S COMPLAINT**

The complaint of petitioner, Kevin Pitre (hereinafter referred to as "Plaintiff"), a full age resident of the Parish of Terrebonne, State of Louisiana, respectfully represents the following, to wit:

1.

Made defendants herein are:

(A) Custom Fab Of Louisiana, LLC, a domestic limited liability entity organized according to the laws the State of Louisiana, and, at all times pertinent hereto, authorized to do, and doing business in in, the State of Louisiana;

(B) Oceaneering International, Inc. is a foreign corporation organized according to the laws of the State of Delaware, but authorized to do, and doing business in Louisiana at all times pertinent;

(C) BP Exploration & Production Inc. is a foreign corporation organized according to the laws of the State of Delaware, but authorized to do, and doing business in Louisiana at all times pertinent; and

(D) Transocean Offshore USA, Inc., is a foreign corporation organized according to the laws of the State of Delaware, but authorized to do, and doing business in Louisiana at all times pertinent.

2.

The jurisdiction of this Honorable Court is based upon the provisions of 28 U.S.C. § 1333(1), and is being brought pursuant to the provisions of 46 U.S.C. § 30104 (the "Jones Act"), and the provisions of the general maritime law. Specifically, plaintiff is entitled to avail himself of the provisions of 28 U.S.C. Section 1916, allowing him to proceed without the necessity of prepayment of costs, fees or the posting of security, and Rule 9(h) of the Federal Rules of Civil Procedure.

3.

The defendants Oceaneering International, Inc., BP Exploration and Production, Inc., and Transocean Offshore, USA, Inc. are justly and truly indebted unto your plaintiff, Kevin Pitre, jointly, severally, and/or *in solido*, and for the following reasons, to-wit:

4.

At all material times, plaintiff Kevin Pitre was employed by Custom Fab of Louisiana, LLC as an operator; and, at all times pertinent hereto, was assigned to a vessel in navigation, and was a Jones Act seaman.

5.

Plaintiff was assigned by defendant, Custom Fab of Louisiana, LLC, to work aboard the vessel *Development Driller III,* owned by defendant Transocean Offshore, USA, Inc.

6.

At all times pertinent times hereto, the vessel *Development Driller III* was leased, operated, and/or chartered by defendant BP Exploration and Production, Inc.; which also contracted with defendant Oceaneering International, Inc. to perform certain oilfield work and/or provide certain oilfield services aboard the vessel *Development Driller III*.

7.

At all times pertinent times hereto, defendant Custom Fab of Louisiana, LLC was contracted to defendant Oceaneering International, Inc. to perform certain oilfield work and/or provide certain oilfield services aboard the vessel *Development Driller III*.

8.

On or about December 18, 2012, while aboard *Development Driller III*, plaintiff was assigned to work atop a scaffold located on the vessel, under the direct supervision and control of Oceaneering International, Inc. Plaintiff was instructed by his Oceaneering International, Inc. supervisor to operate an electric grinder while atop the scaffold. The aforesaid grinder was attached to a lanyard, the use of which was specifically required by plaintiff's on-site supervisor; and which permanently attached the electric grinder to the scaffold.

9.

While operating the aforesaid electric grinder, the attached lanyard cord became caught up in the grinder mechanism, which rendered the plaintiff off balance; whereupon plaintiff lost his footing, fell toward the deck of the work area, and struck his arms on an attached railing in the work area, and caused his left leg to go out from under him, striking the aforesaid deck.

10.

Plaintiff shows that at all times pertinent he was where he was ordered to be and performing the duties and functions he was instructed and obliged to perform pursuant to directives of defendant, Oceaneering International, Inc., its agents, employees, and/or assigns.

11.

The casualties occurred as a direct and proximate result of the negligence of defendants in failing to provide adequate equipment and/or personnel, ordering plaintiff to work under unsafe conditions, and/or failing to train and/or warn complainant about unsafe conditions and/or operations aboard the *Development Driller III*; as well as other acts of negligence which will also be proven at trial.  These acts of negligence render defendants liable to plaintiff pursuant to the Jones Act, 46 U.S.C. §30104, and also pursuant to the general maritime law for negligence and/or unseaworthiness.

12.

Plaintiff's accident was caused by defendants' violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard.

13.

Plaintiff further demands that defendant, Custom Fab of Louisiana, LLC, provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure," as determined by plaintiff's treating physician.  Plaintiff demands that maintenance be instituted in the amount of $80.00 per day from the date of his injury.

14.

In addition, the defendant Custom Fab of Louisiana, LLC. has refused and/or failed and/or partially failed to timely pay plaintiff's maintenance and cure benefits.  The refusal/failure to do so on a timely basis was willful, wanton, arbitrary, capricious, and/or otherwise without cause.  As a result, the plaintiff has had to endure additional and unnecessary pain, suffering and financial stress and possible worsening of his physical condition.  As a result thereof, the

defendant is liable until the plaintiff for additional compensatory damages in a full and true amount to be determined at the trial of this matter, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings and punitive damages pursuant to the Supreme Court of the United States' ruling in *Atlantic Sounding Co., Inc v. Townsend*, 129 S. Ct. 2561 (2009).

15.

The above-described incidents were caused solely by the negligence of defendants Oceaneering International, Inc., BP Exploration and Production, Inc., and Transocean Offshore, USA, Inc.., its agents, servants and employees, and/or the unseaworthiness of the vessel *Development Driller III*; more particularly described as follows:

<u>Negligence Oceaneering International, Inc., BP Exploration and Production, Inc., and/or Transocean Offshore, USA, Inc.:</u>

a) Failing to properly supervise its employees

b) Failing to warn about the dangers aboard the *Development Driller III*;

c) Failing to properly train and/or supervise plaintiff and other employees.

d) Failing to provide plaintiff with a safe place to work, and requiring plaintiff to work in unsafe conditions.

e) Failing to adequately equip the *Development Driller III* vessel with proper equipment required to perform certain operations; and

f) Other acts of negligence, and/or conditions of unseaworthiness as may be shown at trial.

16.

In the alternative, plaintiff, Kevin Pitre, reiterating and realleging each and every allegation set forth above, as though set forth herein *in extenso*, avers that the defendants BP Exploration and Production, Inc., and Transocean Offshore, USA, Inc., its agents, servants and

employees are liable to him for the negligence of defendant Oceaneering International, Inc., its agents, servants and employees, under the doctrine of *respondiat superior.*

17.

As a result of the above-described negligence and unseaworthiness of the vessel, plaintiff, Kevin Pitre, sustained the following damages:

   a. Past, present and future physical pain and suffering;

   b. Past, present and future mental pain, suffering and anguish;

   c. Past, present and future medical expenses;

   d. Past lost wages;

   e. Past lost found;

   f. Loss of future earning capacity;

   g. Loss of future found;

   h. Loss of fringe benefits;

   i. Disfigurement and disability;

   j. Loss of enjoyment of life;

   k. Permanent residual disability, and,

   l. Other damages which shall be proven at trial.

18.

Plaintiff is entitled to prejudgment interest on his damages from the dates of loss.  As to any damages which the court determines are not properly subject to an award of prejudgment interest, plaintiff demands interest from the date of judicial demand.

6

19.

Plaintiff is entitled to recover all costs of these proceedings, including filing fees, expert witness fees, attorney's fees and other court costs and litigation costs.

**WHEREFORE**, plaintiff, Kevin Pitre respectfully prays that the defendants Custom Fab of Louisiana, LLC., Oceaneering International, Inc., BP Exploration and Production, Inc., and Transocean Offshore, USA, Inc. be duly served with a copy of this Complaint and be summoned to appear and answer same; and that after due proceedings are had and all legal delays be exhausted, that there be judgment rendered herein in favor of plaintiff and against Oceaneering International, Inc., BP Exploration and Production, Inc., and Transocean Offshore, USA, Inc., jointly severally, and/or *in solido,* in an amount sufficient to adequately compensate your plaintiff for his damages together with legal interest thereon from date of judicial demand until paid; that after due proceedings are had and all legal delays be exhausted, that there be judgment rendered herein in favor of plaintiff and against defendant Custom Fab of Louisiana, Inc., for maintenance and cure under the general maritime law, and for all costs of this suit and for all general and equitable relief.

        **RESPECTFULLY SUBMITTED BY:**

*/s/Ronna M. Steele*
**RONNA M. STEELE (#20006)**
**BRIAN C. BECKWITH (#16809)**
301 Huey P. Long Avenue
Gretna, LA  70053
Telephone:  (504) 366-3475
Attorney for Kevin Pitre
Email: *rsteele@usagulf.com*

PLEASE SERVE:

Custom Fab of Louisiana, LLC
Through its registered agent for service of process
Sheila R. Joubert
2305 Hwy 662 South
Amelia, LA 70340

Oceaneering International, Inc.
Through its registered agent for service of process
CT Corporation System
5615 Corporate Blvd.
Suite 400B
Baton Rouge, LA 70808

BP Exploration and Production, Inc.
Through its registered agent for service of process
CT Corporation System
5615 Corporate Blvd.
Suite 400B
Baton Rouge, LA 70808

Transocean Offshore, USA, Inc.
Through its registered agent for service of process
Capitol Corporate Services, Inc.
8550 United Services Blvd.
Suite 305
Baton Rouge, LA 70809